### WILLIAMS ENGINEERING & CONTRACTING CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

PLEADING (§ 256*)—AMENDMENTS—ALLOWANCE.

In an action against a municipal corporation, the defendant should be allowed to amend its answer so as to withdraw an admission, where the amendment will merely permit it to raise additional defenses and will not delay or prejudice the plaintiff; there having been no laches on the part of the defendant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 761–763; Dec. Dig. § 256.*]

Appeal from Special Term, New York County.

Action by the Williams Engineering & Contracting Company against the City of New York. From an order denying defendant's motion for leave to serve an amended answer, defendant appeals. Reversed and remanded.

See, also, 148 App. Div. 199, 133 N. Y. Supp. 234.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Clarence L. Barber, Asst. Corp. Counsel, of New York City, for appellant.

L. Laflin Kellogg, of New York City, for respondent.

SCOTT, J. There can be no valid objection to granting the motion, unless the defendant has been guilty of such laches as would render it inequitable to plaintiff to permit the desired amendments to be made, and even this objection loses much of its force when the defendant is a municipal corporation engaged in defending the public treasury. In point of fact no such laches are shown to exist. In so far as defendant seeks to withdraw an admission as to the copartnership of the original directors, it appears that that admission was made in reliance upon statements made by said contractors or some of them, which defendant now claims to have discovered, were untrue.

Other matters now sought to be pleaded were, as it is said, either unknown to defendant's officers when the former answer was drawn, or, if known, were not communicated to the corporation counsel who drew the answer. Whether any of the facts now sought to be pleaded will, if proven, serve to defeat the plaintiff's claim, we are not called upon to consider, and do not decide. We think, however, that the defendant should be permitted to plead them so as to be in a position to raise the question as to their legal effect. The plaintiff should not, however, be delayed or prejudiced in the prosecution of its action by this belated amendment of the answer.

The order appealed from will therefore be reversed, and the motion granted without costs in this court to either party, upon payment by defendant to plaintiff within 10 days of all the costs of the action, except the accrued costs of the reference, and upon the further condition that the defendant stipulates that the date of issue shall remain unchanged; that the amendment of the answer shall not operate to vacate the order of reference, or be made the basis of a motion to vacate said order, and that all the proceedings had and testimony taken before the referee shall stand, with leave to either party to introduce such further competent and relevant evidence as it may desire. All concur.